UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VALENTINA MURAKHOVSKAYA,

                Plaintiff,

       v.

NEOS S.p.A.,

                Defendant.

**DISCOVERY ORDER**
24-CV-05917 (HG)

**HECTOR GONZALEZ**, United States District Judge:

This is an action under the Montreal Convention to recover for an alleged personal injury.

Plaintiff alleges that Defendant is liable injuries she sustained from a spill of a hot liquid during

one of Defendant's flights to New York in July 2023. *See* ECF No. 1 at 9 (Compl.).[1] This Order

resolves various discovery disputes jointly raised by the parties. *See* ECF No. 23. Fact

discovery in this matter is set to close on January 30, 2025. *See* Nov. 13, 2024, Text Order. The

Court addresses the parties' disputes in the order raised in their joint letter.

### I.      **Plaintiff's Interrogatory Nos. 1-4, 6, 8, 10-11, 13, 15, 17, and 19**

Defendant takes issue with Plaintiff's objection that interrogatories 1-4, 6, 8, 10-11, 13,

15, 17, and 19 are improperly compound. *See* ECF No. 23 at 2. The Court has reviewed

Plaintiff's responses and objections. *See* ECF No. 23-1. Although there are various objections

raised to these interrogatories, the only issue properly briefed is compounding, and the Court will

not *sua sponte* analyze other objections. To the extent that, in view of this order, the parties are

unable to amicably resolve further disputes (which they do not seriously appear to be attempting

to do), they may seek further relief in accordance with the Court's Individual Practices.

---

[1]     Unless otherwise indicated, when quoting cases and the Court's Order to Show Cause, all
internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The
Court refers to the pages assigned by the Electronic Case Files system ("ECF").

"[D]iscrete subparts" of interrogatories count as separate interrogatories. *See* Fed. R. Civ. P. 33(a)(1). For the purpose of this Rule, subparts are not discrete if they are "logically or factually interwoven," in which case they "constitute a single interrogatory request." *See Murrel v. Pro Custom Solar LLC*, No. 19-cv-2656, 2021 WL 12151177, at *2 (E.D.N.Y. Dec. 6, 2021).

Interrogatory No. 1 seeks basic biographical information about Plaintiff. This is one interrogatory. *See Osucha v. Alden State Bank*, No. 17-cv1026, 2019 WL 6783289, at *5 (W.D.N.Y. Dec. 12, 2019) ("identifying information" one distinct question).

Interrogatory No. 2 seeks, *inter alia*, identifying information for "every person having knowledge or information regarding any fact alleged in the Complaint" and information about statements those people may have made. Those are two discrete subparts. The identities of people with knowledge of facts in the Complaint (including the information they possess) and information about specific statements they may have made, including the custodian of those statements, are discrete questions. *See Perez v. Aircom Mgmt. Corp.*, No. 12-cv-60322, 2012 WL 6811079, at *1 (S.D. Fla. Sept. 24, 2012) (distinguishing these two categories).

Interrogatory No. 3 does not contain an objection on the basis of improper compounding.

Interrogatory No. 4 seeks information about communications between Plaintiff and others about the at-issue incident. This is one interrogatory because all subparts concern the nature of the communications. *See Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 47 (D. Conn. 2004) (interpreting Fed. R. Civ. P. 33(a) advisory committee's note to the 1993 amendment).

Interrogatory No. 6 states: "Identify each person who witnessed the Incident and state with specificity what if any relationship you have with each eyewitness." This is one interrogatory because the question about any relationship between Plaintiff and the witness is

factually subsumed into the primary question about the witness's identity.  *See Bartnick v. CSX Transp., Inc.*, No. 11-cv-1120, 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012).

Interrogatory No. 8 asks about allegedly injured parts of Plaintiff's body and what clothing she was wearing on those parts of her body.  This is one interrogatory because the subparts are "interwoven" into the common theme of Plaintiff's injury.

Interrogatory No. 10 asks about, *inter alia*, photos of Plaintiff's injuries and the custodians of those photos.  This is one interrogatory.  Custodial information about documents, like photos, concerning one distinct issue, like Plaintiff's injuries, does not constitute a discrete subpart.  *See Riverkeeper, Inc. v. Coeymans Recycling Ctr. LLC*, No. 20-cv-01025, 2024 WL 1285390, at *9 (N.D.N.Y. Mar. 26, 2024).

Interrogatory No. 11 asks about any reports about the at-issue incident made to Defendant and the nature and substance of those reports.  This is one interrogatory.  *See Nance-Bush v. Lone Star Coll. Sys. Dist.*, 337 F.R.D. 135, 138 (S.D. Tex. 2021) (treating a similar interrogatory about complaints made to defendant in this way).  Information about the nature and substance of any report is factually subsumed into the primary question about the existence of a report.  *See Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, No. 01-cv-2198, 2003 WL 22326563, at *1–2 (D. Conn. Mar. 7, 2003) ("[A]n interrogatory seeking an identification and a description are not discrete subparts."); *see also Cook v. Flights Servs. & Sys., Inc.*, No. 16-cv-15759, 2018 WL 11447512, at *6 (E.D. La. Nov. 1, 2018) ("[T]he types of subparts here merely request factual elaboration about a potential response and are factually subsumed within the main interrogatory.").

Interrogatory No. 13 asks "whether you had ingested any prescription or non-prescription drug, or ingested any alcohol[,] within twenty-four . . . hours prior to the Incident, and state the time of ingestion, the specific substance ingested and the amount taken, the identities of all

3

witnesses who observed or were aware of such ingestion, and identify any doctor, physician, or individual who prescribed any prescription drug that you ingested . . . ."  There are three discrete subparts here:  (1) whether Plaintiff consumed drugs or alcohol; (2) the identities of witnesses who observed such ingestion; and (3) prescribing information.  Although these subparts go to the same "common theme," they are discrete because answering one subpart is "unnecessary to the understanding of [the] second subpart" and so on.  *See Sec. Ins.*, 2003 WL 22326563, at *1.

Interrogatory No. 15 asks for information about "each and every" doctor's visit in the prior 10 years, including "(1) the inclusive dates of treatment . . . and the name of each . . . physician"; "(2) the medical condition . . . complained of"; "(3) a description of the treatment"; and "(4) the effect, if any, of the treatment."[2]  There are two interrogatories here.  For the reasons already explained with respect to Interrogatory No. 11, information about the respective doctor's visits is one request.  But information about the effects of those treatments, as represented by subpart (4), wades into a more discrete area so as to constitute a separate request.  If the primary question is about when Plaintiff went to doctors, the Court views the "effects" of any treatments she received at those doctors as sufficiently removed from the core subject matter to constitute a separate line of inquiry.

Interrogatory No. 17 does not contain an objection on the basis of improper compounding.

Interrogatory No. 18 asks about any filings with Medicare or Medicaid related to the at-issue incident, efforts to notify Medicare and Medicaid about the incident, and "all amounts that the Federal and/or State government claims as its right to recovery in any settlement or

---

[2]    As stated earlier, because the issue of breadth is not properly before the Court, the Court does not pass on it here, but when the parties meet to discuss any narrowing of the interrogatories, they should be cognizant that there seems to be a serious breadth issue with a request like this one.

judgment." These constitute two interrogatories. Information about claims filed with Medicare or Medicaid, or claims Plaintiff tried to file with them, relate to one single topic. But the third part of the interrogatory concerning the much broader topic of any government claims on a recovery in this case is "factually independent" of the question of claims actually or potentially submitted to Medicare and Medicaid. *See Sec. Ins.*, 2003 WL 22326563, at \*1.

## II.    Defendant's Interrogatory Nos. 7, 12, 14, 16, and 18

The parties indicate that they have resolved their dispute. Therefore, the Court orders no relief.

## III.    Defendant's Interrogatory Nos. 5-6, 9, 15, and 19

It is unclear whether there is a live dispute or what relief the parties are seeking. The parties are directed to continue to meet and confer to attempt to resolve any dispute. The Court orders no relief.

## IV.    Plaintiff's Responses to Defendant's Request for Production

It is again unclear whether there is a live dispute or what relief the parties are seeking. The parties are directed to continue to meet and confer to attempt to resolve any dispute. The Court orders no relief.

## V.    HIPPA Authorizations

Although Plaintiff states that she previously provided HIPPA authorizations to Defendant's predecessor counsel, Defendant states that new authorizations are required. The Court is sympathetic to Plaintiff's position that Defendant's decision to substitute counsel has introduced unnecessary delay. *See* Fed. R. Civ. P. 1. Nevertheless, in order for discovery to proceed efficiently, Plaintiff is directed to provide Defendant with the required authorizations as soon as possible, but no later than January 22, 2025.

5

### VI.      Plaintiff's Second Set of Interrogatories

Defendant claims that Plaintiff's second set of interrogatories served on January 6, 2025, was untimely.  According to the Court's scheduling order, the deadline for the service of interrogatories was October 14, 2024, *see* ECF No. 12, and the deadline for service of contention interrogatories was December 20, 2024, *see* ECF No. 21.  The Court construes Plaintiff's response, ECF No. 23 at 4, as a motion under Rule 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent."  "Whether good cause exists turns on the diligence of the moving party."  *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024).  Plaintiff has failed to clear that bar.  The Court has reviewed Plaintiff's proposed interrogatories, which concern the identities of passengers on the flight on which Plaintiff alleges to have been injured.  *See* ECF No. 23-3.  Although Plaintiff says that this discovery is necessary because "there was no way for [P]laintiff's counsel to have known that . . . [D]efendant's flight attendants were going to claim to not have anything to do with the accident," which Plaintiff says she learned as a result of an email produced on January 3, 2025, Plaintiff "knew" or, minimally, "should have known," that she needed to obtain this information related to obvious potential witnesses to the incident when the schedule in this case permitted her to do so via interrogatory.  *See Cardew v. N.Y. State Dep't of Corrs. & Cmty. Supervision*, No. 21-cv-6557, 2024 WL 3647784, at *2 (W.D.N.Y. Aug. 5, 2024).  After all, as Defendant correctly argues, *see* ECF No. 23 at 4, it has contested proximate cause, and therefore the issue of its alleged negligence, since it filed its Answer in August 2024.  *See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) ("Plaintiffs can justify a modification of th[e] scheduling order only if they substantiate their claims of having had no reason to expect that Defendants would advance the position . . . .").

The Court, therefore, enforces its scheduling order and Defendant need not respond to this untimely discovery request.

### VII.    Defendant's Interrogatory Responses

Plaintiff says that "[D]efendant[] ha[s] also effectively served no response to [P]laintiff's interrogatory demands because they have repetitively failed to have their client sign them in a sworn to [sic] capacity."  ECF No. 23 at 4.  Defendant, inexplicably, fails to respond to this argument.  Nevertheless, Plaintiff appears to be referring to Rule 33(b)(5)'s signature requirement, which requires the person "who makes the [interrogatory] answers [to] sign them." That is an odd argument since Plaintiff's own interrogatory responses apparently fail to comply with the same Rule, as they are signed (many times) only by Plaintiff's counsel.  *See* ECF No. 23-1.  That doesn't work.  *See Joint Stock Co. Channel One Russ. Wordwide v. Infomir LLC*, No. 16-cv-1318, 2017 WL 5067432, at \*2 & n.3 (S.D.N.Y. May 9, 2017).  But this is really a very minor and technical dispute to burden the Court with.  The parties must meet and confer and cure any unverified interrogatory responses on or before January 22, 2025.

\*          \*          \*

## VIII.    Fact Discovery Extension

The parties seek a sixty-day extension of fact discovery.  Given how much fact discovery remains, that request is granted.  All fact discovery must be completed by <u>March 31, 2025</u>. Expert discovery must be completed by <u>May 28, 2025</u>.  Given that this is more time than the parties initially requested, *see* ECF No. 11, and which the Court initially denied because "this is a straightforward case involving one plaintiff, one defendant, and one underlying incident," *see* ECF No. 12 Text Order, there shall be no further extensions of the fact discovery deadline.

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
        January 8, 2025

8